BABCOCK ET AL.
vs.
WILLIAMS ET AL.

BABCOCK, GARDINER & CO. *vs.* WILLIAMS ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The proceedings in a cause will be stopped, and a continuance granted to
allow the representatives of a deceased plaintiff to be made parties, even
when the suggestion of his death is made by the defendants' counsel,
after the evidence has been closed and the argument commenced.

There are three parties to a suit, which are necessary at its inception and
progress to final judgment, viz : *judex actor et reus.*

Even when there are more plaintiffs than one, the others not having
authority to represent this one if he dies during the progress of the cause,
no valid judgment can be pronounced, until his heirs and representatives
be made a party to represent him.

This is an action instituted by Henry Babcock, Charles
Gardiner and R. Watson, as commercial partners, and
holders of a promissory note, for four thousand five hundred
dollars, drawn by W. P. Scott, payable to the order and
endorsed by H. G. Williams and others, negotiable and
payable at the bank of Louisiana, at New-Orleans.

The petition charges that said note was duly protested for
non-payment, and notice thereof given to the defendants,
Williams and others, as endorsers. Judgment is prayed
against them *in solido*, for the amount of the note.

The defendants pleaded severally a general denial.

Upon these pleadings and issues, the parties went to trial.

The protest and certificate of the notary were produced in
evidence. It stated that "at the request of Messrs. Babcock,
Gardiner & Co., the holders of said note, he, the said notary,
on the day it became due, *made demand of payment of the
proper officer* of the bank, where the note was made payable,
who answered the same could not be paid for want of funds
of the drawer."

The signatures were all proved, but while the trial was in
progress, the testimony having been gone through, and the

case argued by the plaintiffs' counsel, the counsel for the defendant suggested the death of Henry Babcock, one of the plaintiffs, and tendered an affidavit of the fact, and that the information had just been received. A motion was made to continue the cause, that the representatives of the deceased plaintiff might be made party to the proceedings, before final judgment. This motion was opposed by the plaintiffs' counsel, and the motion overruled by the court, as coming too late. The decision of the court was excepted to.

Judgment being rendered in favor of the plaintiffs for the amount of the note, the defendants appealed.

*Dunbar*, for the defendants and appellants, assigned as error, on the face of the record, that no legal evidence was offered on the trial, to show that any legal or proper demand was made of the drawer, to fix the endorser, that the notary's certificate was insufficient.

2. The protest of the notary states, that he demanded payment of the proper *officer of the bank* where the note was made payable, which is wholly insufficient to charge the endorsers.

3. No legal cause or excuse is shown or given in the protest, why demand was not made of the drawer, or of his authorised agent.

4. He contended in argument, that a demand, and protest for non-payment, must be made specifically and certain ; that it was made of the drawer or authorised agent, and not of the *proper* officer of the bank. Who is he ? It should state of whom, how, and in what particular manner the demand was made, in order that evidence might be produced to contradict it, or show, that it in fact was not made in the manner specified. *Chitty on Bills*, 334, 396. *Chitty, jr.*, 46. 3 *Kent's Commentaries*, 97. 1 *Espinesse*, 3. 5 *Ibid.*, 175. 2 *Blackstone's Reports*, 509. 2 *Martin, N. S.*, 511.

*Winn* and *Spaulding, contra,* showed that the demand and notice of protest was properly made of the drawer, by making it of the officer of the bank where it was made payable. It

WESTERN DIST.
October, 1836.

BABCOCK ET AL.
vs.
WILLIAMS ET AL. was the business of the drawer to have had funds there to pay the note, by himself or an agent. The notary was not in fact required to make a demand of any particular person. It was sufficient if he made it of any person at the place it was made payable. *Bayley on Bills,* 28.

*Martin, J.,* delivered the opinion of the court.

The proceedings in a cause will be stopped, and a continuance granted to allow the representatives of a deceased plaintiff to be made parties, even when the suggestion of his death is made by the defendants' counsel, after the evidence has been closed and the argument commenced.

During the trial of this cause, after the evidence had been gone through, and the plaintiffs' counsel had begun his argument, the defendant suggested the death of the plaintiff, Babcock, moved the court that the proceedings be stopped, and the cause continued, to give an opportunity to the representatives of the deceased to come in and make themselves parties. The motion was supported by an affidavit, stating that the death of this plaintiff had not come to the knowledge of the defendant or his attorney, until the testimony was closed. The motion was opposed by the counsel for the plaintiffs, and overruled by the court.

There are three parties to a suit, which are necessary at its inception and progress to final judgment, viz.: *judex actor et reus.*

The district judge, in our opinion, erred. Three parties are necessary to the inception and prosecution of a suit, *judex actor et reus.* In the present case one of the plaintiffs has ceased to exist, and the two others are without authority to represent him: the defendants, if judgment was given against them in favor of the surviving plaintiffs, would, notwithstanding, remain liable to the action of the representatives of the deceased. Their rights of the latter cannot be acted on until they become parties to the suit. The case must be remanded, to afford the opportunity of this being done.

Even when there are more plaintiffs than one, the others not having authority to represent this one, if he dies during the progress of the cause, no valid judgment can be pronounced until his heirs and representatives be made a party to represent him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and the case remanded, with directions to the court below not to proceed to trial, until the representatives of the deceased plaintiff be parties to this suit; the appellees paying the cost of this appeal.